McGuireWoods

McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Adam T. Simons
Direct: 212.548.2121
asimons@mcguirewoods.com

September 1, 2026

**VIA ECF AND EMAIL**
The Honorable Laura Taylor Swain, Chief District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Email: SwainNYSDCorresp@nysd.uscourts.gov

**Re:** ***Ana Maria Roman v. Bank of America, N.A.*** **(Case No. 1:26-cv-06955-LTS)**
**Letter Motion to Seal Document Doc. No. 1-1 and Replace It with Redacted Version**

Dear Chief Judge Swain:

Defendant Bank of America, N.A. ("Defendant" or the "Bank"), through undersigned counsel, submits this letter motion. The Bank asks the Court to: (1) seal the 305-page exhibit attached to Plaintiff's Complaint (Doc. No. 1-1); and (2) replace it with the redacted version attached hereto as **Exhibit 1**. The Bank seeks this relief because the current publicly filed exhibit contains confidential information about third-party employees, the Bank's confidential business information, offers to resolve potential claims, and Plaintiff's own medical records. [1]

Plaintiff filed her Complaint in this action against the Bank on or about August 14, 2026, bringing claims for discrimination and retaliation under the Americans with Disabilities Act, New York State Human Rights Law, and the New York City Human Rights Law. (Doc. No. 1.) To her Complaint, she attached a 305-page exhibit that includes myriad documents including performance reviews, internal Bank emails and communications, medical records, and other documents related to Plaintiff's employment that contain confidential information that should not be publicly available. (Doc. No. 1-1). There are four narrow types of confidential information that the Bank seeks to redact:

1. Information about non-party Bank employees, including internal records with their names, positions, and email addresses, as well as internal communications about

[1] This letter motion does not constitute a responsive pleading or motion under Federal Rule of Civil Procedure 12. Thus, by filing this motion, Defendant does not waive any available defense. Defendant reserves all available defenses, including those under Rule 12 and its Arbitration Policy.

their employment and careers (Doc. No. 1-1 at p. 33-84, 86, 90-97, 114, 117, 119-120, 149, 247-256, 266-271);

2. The Bank's business information, which includes Plaintiff's performance reviews (*Id.* at p. 11-25, 27-32) and information regarding the Bank's efforts to combat cybersecurity threats (*Id.* at p. 85, 87-89);

3. The Separation and General Release Agreement that the Bank offered Plaintiff (*Id*. at p. 277-304); and

4. Plaintiff's medical information (*Id*. at p. 100-104, 161-188, 205-207).

Counsel for the Bank attempted to resolve this issue without seeking the Court's intervention but was unable to do so. On August 20, the Bank's counsel left Plaintiff a voicemail and emailed her notifying her that she had filed confidential information on the public docket and requested she take steps to remove the information. (**Exhibit 2**.) On August 22, the Bank's counsel followed up regarding the request and provided Plaintiff with a completed waiver of service. (*Id.*) The Bank's counsel also informed Plaintiff of the Bank's intention to file the present motion to seal if Plaintiff did not respond with her position by 12:00 p.m. on Monday, August 24. (*Id.*) On August 24, Plaintiff responded and asked for a specific list of documents and information that the Bank considers to be confidential and stated that she only wanted to communicate via email. (*Id.*) The Bank provided that list on August 26, 2026, and asked Plaintiff to remove the documents from the public docket by Friday, August 28 at 5:00 pm. (*Id.*) Plaintiff responded on August 27 that she was reviewing the Bank's request and Court procedures and determining the next steps. She also asked for any confidentiality policy that she was still bound by. (*Id.*) On August 28, counsel for the Bank sent Plaintiff a link to the Bank's publicly available Code of Conduct and again asked that Plaintiff let counsel know whether she has taken steps to seal or remove the confidential information by 5:00 pm. (*Id.*) Plaintiff did not respond.

The Bank now files this instant letter motion requesting that the Court seal the 305-page exhibit attached to Plaintiff's Complaint (Doc. No. 1-1) and replace it with the redacted version of the exhibit, which is attached hereto as Exhibit 1.

The public has a common law and First Amendment right of public access to judicial documents. But, that right has its limits. A court may seal documents when "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

In making this decision, the Court must weigh three factors: "(1) whether the document subject to a sealing request qualifies as a judicial document;[2] (2) the weight of the presumption of

[2] A "judicial document . . . must be relevant to the performance of the judicial function and useful in the judicial process." *Telegram*, 2020 WL 3264264, at *1 (citations and quotations omitted). A document is relevant if "it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers[.]" *Id.*

public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020). If one of these factors outweighs public access, the Court should seal the document. *Id.* Courts also "consider the degree to which the subject matter is traditionally considered private rather than public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

These factors weigh in favor of sealing the portions of Doc. No. 1-1 that the Bank has redacted. None of the information Defendant proposes to redact qualifies as a "judicial document." None is crucial to the legal rights at issue, is useful to the Court in deciding the matter, or information that the public needs.

First, the Court should seal the information about other employees. This Court has explained that "'third-party privacy interests justify the requested sealing and redaction of certain private information'" where "[t]he identities of these non-parties are not relevant to the dispute[.]" *McConkey v. Churchill Sch. & Ctr.*, 2026 WL 1002371, at *1 (S.D.N.Y. Apr. 14, 2026) (quoting *Rosario v. Community Hous. Mgt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024)); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (granting the sealing of personal information of current and former employees). Talks with an internal recruiter about whether to seek a new job and other employees' personnel concerns are exactly the kind of private conversations that the Court should shield from public view. Disclosure could embarrass or harm those third-party employees. Additionally, Defendant narrowly tailored its redactions in Exhibit 1 and seeks to seal only the names, email addresses, and other identifying information of employees.

Second, Plaintiff's performance reviews should be sealed because they contain the Bank's confidential business information, such as the criteria the Bank uses to rate employees and discussions of the Bank's recruiting strategies. In the same vein, the Bank seeks to seal information that reveals how the Bank conducts cybersecurity training. Such information is sensitive commercial information that may be used by competitors or other mal-intentioned actors to their advantage. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest.").

Third, Defendant seeks to seal the unsigned Separation and General Release Agreement that it sent to Plaintiff. The parties never signed or entered into this agreement. Thus, it does not affect the issues in this case. Nor does it bear on Plaintiff's claims. Instead, the separation agreement was an offer to resolve potential disputes about her employment. "[P]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials." *Telegram Grp. Inc.*, 2020 WL 3264264, at *5. The Second Circuit has stated that "the presumption of access to settlement negotiations [and] *draft agreements* . . . is negligible to nonexistent." *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998). Disclosing such materials would chill future efforts to settle disputes. *Id.* This includes material prepared during talks even before a lawsuit. *See Telegram Grp. Inc.*, 2020 WL 3264264,

at *5 (sealing a letter from settlement talks before litigation began). The Court should therefore seal the unsigned separation agreement.

Fourth, Plaintiff's medical records contain private medical information and other personal, sensitive information that courts routinely seal. *See Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (finding courts "regularly" seal medical records). The Bank is unsure if Plaintiff fully understood that this information would become public upon filing. Therefore, the Bank included these pages in this request to seal.

To protect privacy interests and keep this information confidential, Defendant respectfully asks that the Court seal Doc. No. 1-1 and replace it with the attached Exhibit 1, which narrowly redacts the confidential portions of the exhibit.

In addition, Defendant has emailed Chambers a courtesy copy of this letter motion. That email includes the proposed redactions to Doc. No. 1-1 in highlighted form, which has been filed under seal as **Exhibit 3**.

Respectfully submitted,

*/s/ Adam T. Simons*

Adam T. Simons

cc: Ana Maria Roman (via email and first-class mail)